Filed 5/18/21 Renfro v. J.G. Boswell Co. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHRISTOPHER RENFRO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>J.G. BOSWELL CO., et al.,<br><br>Defendants and Respondents. | F077759<br><br>(Super. Ct. No. 16C0241)<br><br>**OPINION** |

APPEAL from judgments of the Superior Court of Kings County. Valerie R. Chrissakis, Judge.

Christopher Renfro, in pro. per., for Plaintiff and Appellant.

Petrie Leath Larrivee and O'Rourke, David M. Leath and Sean T. O'Rourke, for Defendants and Respondents J.G. Boswell Co., J.G. Boswell Tomato Co-Kings, J.G. Boswell Tomato Co-Kern, Lakeland Aviation, Inc., H&G Farms, Inc., and Erik J. Hansen.

Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, William A. Bruce, Catherine E. Bennett and Gustavo Maya, for Defendant and Respondent Young's Commercial Transfer, Inc..

-ooOoo-

Christopher Renfro filed suit against numerous defendants primarily for injuries he allegedly sustained after being exposed to agricultural chemicals while employed as a truck driver. He sued his former employer, Young's Commercial Transfer, Inc. (YCT), as well as a host of other defendants who were involved in the application of the chemicals. These other defendants, who we refer to collectively as "the Applicators," are Lakeland Aviation, Inc.; Erik J. Hansen; H&G Farms, Inc.; J.G. Boswell Co.; J.G. Boswell Tomato Co-Kings; and J.G. Boswell Tomato Co-Kern. YCT was represented by one law firm, and the Applicators were represented collectively by another firm. In addition to the personal injury-related claims, Renfro alleged various labor and employment-related causes of action.

After the trial court granted YCT's demurrer to Renfro's third amended complaint, Renfro was allowed leave to amend only as to his non-personal injury causes of action. The court's written order, which was prepared by YCT's counsel, afforded Renfro 10 days to file a fourth amended complaint from service of notice of entry of the order. Renfro failed to file a fourth amended complaint within the time allowed, and YCT and the Applicators brought separate Code of Civil Procedure section 581, subdivision (f)(2), motions to dismiss for failure to timely file an amended complaint.[1] Both motions were brought by ex parte application. The court granted both motions and entered judgments of dismissal for the defendants, and Renfro appeals from both judgments.

Renfro raises multiple contentions on appeal. He first argues the notice of entry of the court's order sustaining YCT's demurrer to the third amended complaint was not served on him. Second, he contends he received deficient notice and service of the defendants' ex parte applications. Third, he claims the trial court erred in granting the Applicators' motion to quash service of the third amended complaint, which was brought before YCT filed its demurrer to the third amended complaint. Fourth, he argues the trial

---

[1] Unlabeled statutory references are to the Code of Civil Procedure.

court erroneously sustained the demurrer to his battery cause of action without leave to amend. Fifth, he claims the trial court erred in imposing sanctions on him in connection with a motion for reconsideration.

We first conclude that Renfro was properly served with the notice of entry of the order sustaining YCT's demurrer to the third amended complaint. Next, while we agree with Renfro that there were deficiencies in the notice and service of YCT's ex parte application, and in the service of the Applicators' ex parte application, Renfro has not demonstrated he was prejudiced by these deficiencies. We therefore affirm the judgments of dismissal.

In light of our affirmance of the judgments on that ground, it is unnecessary to address the motion to quash issue. Lastly, we deem Renfro's fourth and fifth claims of error forfeited.

## FACTUAL AND PROCEDURAL BACKGROUND

*The initial complaint*

On August 22, 2016, Renfro filed suit against YCT and some of the Applicators. The rest of the Applicators were added in amended complaints. Renfro alleged he was employed by YCT as a truck driver. He contended that during his employment, YCT on multiple occasions sent him to pick up loads of tomatoes in an area where the Applicators were applying agricultural chemicals to fields via an airplane. YCT allegedly should have known of the Applicators' crop-dusting activities.[2] Renfro claimed his exposure to the chemicals caused multiple injuries, including injuries to his nervous system and internal organs, vision impairment, and memory loss.

On December 20, 2016, the Applicators filed a motion to strike the entire complaint on statute of limitations grounds.

---

[2] Renfro alleged in later iterations of his complaint that the Applicators knew of the crop-dusting activities.

3.

*First amended complaint*

On December 27, 2016, Renfro filed his first amended complaint.[3] This complaint reiterated the personal injury-related claims and added unrelated labor and employment-related claims, including claims for breach of employment contract, disability discrimination, and nonpayment of wages. On February 7, 2017, the Applicators filed a motion to strike the first amended complaint, again on statute of limitations grounds, which the court granted on March 10, 2017. The court signed the order granting the motion to strike and ordering Renfro to file an amended complaint on April 4, 2017.

On February 21, 2017, YCT demurred to Renfro's injury-related claims as barred by the workers' compensation exclusivity doctrine and to the remaining claims for uncertainty and failure to state sufficient facts.

On March 23, 2017, five days before the hearing on the demurrer, Renfro attempted to remove this case to the United States District Court for the Eastern District of California, which denied removal on the ground that only defendants may remove a case to federal court and remanded the matter to superior court.

On August 9, 2017, Renfro filed another suit in federal court against the same defendants for the same claims arising from the alleged exposure to crop-dusting chemicals.

---

[3] The Applicators' motion to strike was taken off calendar because Renfro filed his first amended complaint after the motion was filed but before opposition was due. A plaintiff may, without leave of court, amend the complaint once before the hearing on a motion to strike if the complaint is filed and served before opposition is due. (§ 472, subd. (a).)

4.

*Second amended complaint*

Renfro filed his second amended complaint on August 23, 2017.[4] The Applicators again filed a motion to strike on statute of limitations grounds, which the court granted. YCT demurred again on the grounds that the personal-injury related claims are barred by the workers' compensation exclusivity doctrine and the remaining causes of action were not supported by sufficient facts. The court sustained the demurrer without leave to amend as to the personal injury-related claims, finding they were barred by the workers' compensation exclusivity rule. However, the court granted leave to amend as to the remaining causes of action, which included a wage and hour claim, a breach of employment contract claim, and a disability discrimination claim.

*Third amended complaint*

Renfro filed his third amended complaint on January 9, 2018,[5] which was a near-verbatim reiteration of his second amended complaint. On February 15, the Applicators filed a motion to quash service of the third amended complaint, which the court granted on March 21. YCT demurred on February 20 and requested sanctions. Three days before the demurrer hearing, Renfro filed an ex parte application to file a fourth amended complaint, with a proposed fourth amended complaint attached. The court held a hearing on the ex parte application and denied it as procedurally defective and premature because a hearing was to be held the following morning on YCT's demurrer.

On March 29, the court sustained YCT's demurrer with leave to amend as to the same claims that Renfro was previously granted leave to amend. The court again denied leave to amend the same claims it had previously denied leave to amend, and sanctioned

---

[4] The record does not disclose whether the trial court ever ruled on YCT's demurrer to the first amended complaint. If the court did not rule on the demurrer, the filing of the second amended complaint would have mooted it. (*JKC3H8 v. Colton* (2013) 221 Cal.App.4th 468, 477 ["filing of an amended complaint renders moot a demurrer to the original complaint"].)

[5] Subsequent references to dates are to dates in 2018 unless otherwise stated.

Renfro for his refusal to dismiss the personal injury-related causes of action. The court asked YCT's counsel to prepare an order for the court's signature. The trial court did not specify how many days Renfro was granted leave to amend.

YCT's counsel drafted a proposed order and submitted it to the court on April 5. The proposed order read, in relevant part: "Plaintiff's Fourth Amended Complaint is due 10 days after service of notice of ruling." The proposed order did not state whether YCT had submitted the proposed order to Renfro for his approval per California Rules of Court, rule 3.1312 before submitting it to the court.[6]

YCT's counsel received the signed order from the court on April 10. That same day, YCT's counsel mailed notice of entry of the order with a copy of the order attached to Renfro by overnight delivery using the United States Postal Service's Express Mail service. The notice was addressed to Renfro's P.O. box that appeared in the heading of each of Renfro's filings in this case. The Applicators' counsel was also served with the notice.

YCT also filed the notice of entry of order on April 10, with a proof of service attached. The proof of service stated a copy of the notice to Renfro and the Applicators' counsel had been served by "mail" to the addresses on file, as well as by "electronic mail" to the email addresses on file. The proof of service also specially noted that the service by electronic mail to Renfro was only a "courtesy copy."[7] However, the service list on the proof of service contained an "Express Mail Tracking Number" for the copy served on Renfro. On April 30, YCT's counsel filed an amended proof of service clarifying that the mailing was done by overnight delivery via Express Mail.

---

**6** Unlabeled references to rules are to the California Rules of Court.

**7** The reason for this was that Renfro had never consented to electronic service in this case.

6.

Rule 3.1320(g) affords a plaintiff 10 days' leave to amend their complaint following a ruling on a demurrer unless otherwise ordered.  Section 1013, subdivision (c), provides, as relevant here, that service by Express Mail is deemed complete at the time the notice is deposited for pick up and extends any period of notice by two court days.  As such, Renfro had 10 days plus two court days from April 10—the date the order was deposited in the mail for delivery via Express Mail—to file his fourth amended complaint.  The deadline was therefore April 24.

*Failure to file fourth amended complaint*

   1.   *YCT's section 581, subdivision (f)(2), motion*

Renfro did not file a fourth amended complaint by April 24.  On May 1, YCT filed a motion under section 581, subdivision (f)(2), to dismiss the action for failure to file an amended complaint within the time allowed by the court.  The motion was brought by ex parte application, and the hearing was scheduled for May 3 at 8:15 a.m.  Under section 581, subdivision (f)(2), "[t]he court may dismiss the complaint as to that defendant when:  [¶] … [¶] Except where Section 597 applies, after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."  Rule 3.1320(h) authorizes a section 581, subdivision (f)(2), motion to be made by ex parte application.

The ex parte application was filed at 7:12 p.m. on May 1.  YCT's counsel filed a declaration in support of the ex parte application, in which counsel averred that he called Renfro's telephone number at 6:08 p.m. on May 1.  A person answered but did not respond.  Counsel informed the person of the ex parte application and hung up.  Counsel redialed Renfro's number at 6:11 p.m. and received Renfro's voicemail.  Counsel left the same message he had left the unknown person.  The declaration stated a copy of the ex parte application was placed in the mail on May 1, addressed to Renfro's P.O. box, but did not state what time the papers were placed in the mail.

The hearing took place as scheduled on May 3 at 8:15 a.m. YCT's and the Applicators' counsel both appeared telephonically, and Renfro did not appear. However, the court stated at the beginning of the hearing that the clerk's office had received a phone call from Renfro that morning indicating he could not attend the hearing because "another matter was scheduled by the same counsel in Tulare County, and therefore he couldn't be in two places at once." YCT's and the Applicators' counsel both stated that neither of them had another case with Renfro. The court said nothing about whether Renfro had requested a continuance of the hearing. The hearing proceeded and the court granted YCT's motion to dismiss.

The Applicators' counsel has requested we take judicial notice of the minutes of the May 3 hearing in the Tulare County Superior Court case Renfro apparently referred to in his phone call to the clerk's office. The case is entitled *Christopher Renfro v. Kulwant Thandi* and bears case number VCL180080. The minutes show there was a scheduled hearing that day on Renfro's motion to reclassify the action to an unlimited civil case, and that the court had issued a tentative ruling ahead of the hearing. The case was called at 8:38 a.m. and there were no appearances by either party and no request for oral argument. The Tulare County Superior Court local rules require parties in civil law and motion matters to request argument by 4:00 p.m. the day before the hearing or else argument is waived. (Tulare County Superior Court Local Rules, rule 701.) We grant the Applicators' request for judicial notice of these minutes.

2. *The Applicators' section 581, subdivision (f)(2), motion*

On May 3, the Applicators filed their own ex parte motion to dismiss the action under section 581, subdivision (f)2), for failure to file a fourth amended complaint within the time allowed. The hearing was scheduled for Monday, May 7, at 8:15 a.m. The application was filed at 4:51 p.m. and was accompanied by Applicators' counsel's declaration. The declaration attested that counsel telephoned Renfro on May 3, before 10 a.m., and notified him of the Applicators' ex parte application. Counsel also sent an

8.

email that day. The application was also mailed on May 3 at an unspecified time. Counsel's declaration stated he would have served the application on Renfro by overnight mail but elected not to do so because Renfro refuses such service and personal service was not possible because Renfro had "barricade[ed] himself into a small trailer, surrounded by several fences." At 9:20 a.m. on May 3, Renfro returned counsel's telephone call and counsel again provided notice of the ex parte application. Renfro stated he planned to oppose and also advised he would seek relief from the court's granting of YCT's application. Renfro did not submit a written opposition to the Applicators' application.

The hearing took place as scheduled the morning of May 7. YCT's counsel, the Applicators' counsel, and Renfro all appeared telephonically. Renfro did not object to either counsel's telephonic appearance but did assert he had not received either the ex parte application or the notice of entry of the order sustaining YCT's demurrer to the third amended complaint. Renfro did not request a continuance.[8] The trial court stated it would read its tentative ruling for Renfro, which was to grant the application.

After listening to the court's tentative ruling to grant the Applicators' ex parte application, Renfro argued he had not received a copy of the court's order sustaining YCT's demurrer to the third amended complaint. YCT's counsel stated the order was served on Renfro via Express mail addressed to Renfro's P.O. box, and that counsel had received confirmation that the envelope containing the order had reached Renfro's mailbox. However, the envelope was eventually returned to YCT's counsel because Renfro failed to retrieve it and a signature was required for the delivery. Renfro explained he does not check his mailbox at the post office because time conflicts do not

---

[8] Renfro also attempted to contest the granting of YCT's section 581, subdivision (f)(2), motion granted four days prior, but the trial court quickly cut off Renfro's argument and informed him he would need to file an appropriate motion if he wished to contest that ruling.

afford him the opportunity to visit the post office during business hours. The trial court stated it was an inexcusable for someone involved in litigation to not check their mailbox. Even by the time of the hearing on the Applicators' ex parte application, Renfro had not yet filed a fourth amended complaint. The court granted the Applicators' application.

The court entered a judgment of dismissal for YCT on June 11 and for the Applicators on June 13. Renfro filed a notice of appeal from these judgments on July 3.

## DISCUSSION

### I.      The section 581, subdivision (f)(2), motions

Renfro contends the trial court erred in granting both section 581, subdivision (f)(2), motions for dismissal. His argument is multifaceted and somewhat difficult to discern, but we perceive his argument to be comprised of the following points. He first claims he was never served with the notice of entry of the court's order sustaining YCT's demurrer to the third amended complaint. Because he was allowed 10 calendar days plus two court days from the date the notice was served on him, the failure of service precluded the court from holding that the time allowed to file a fourth amended complaint had lapsed. However, as we will explain, YCT validly served Renfro with the notice of entry of order by Express Mail on April 10.

He next contends YCT's ex parte application was not timely noticed or served, and the Applicators' application was not timely served. As we will discuss, he is correct, but he fails to explain how he was prejudiced by the deficient notice and service of the applications.

We will begin by restating the basic law governing section 581, subdivision (f)(2), motions, and stating the standard of review. We will then address how the notice of entry of order sustaining YCT's demurrer to the third amended complaint was properly served on Renfro, and finally turn to how the notice and service deficiencies in the ex parte proceedings did not result in a miscarriage of justice.

10.

## A.       Section 581, subdivision (f)(2) and standard of review

When the trial court sustains a demurrer, section 472a, subdivision (c), provides that "the court may grant leave to amend the pleading upon any terms as may be just and shall fix the time within which the amendment or amended pleading shall be filed." Under section 581, subdivision (f)(2), "[t]he court may dismiss the complaint as to that defendant when:  [¶] … [¶] Except where Section 597 applies, after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."

Thus, a plaintiff's failure to file an amended complaint within the time specified by the trial court after a demurrer is sustained with leave to amend subjects the action to dismissal "in the court's discretion under section 581, subdivision (f)(2)." (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613 (*Leader*).)  The dismissal authorized under section 581, subdivision (f)(2), is a dismissal with prejudice. (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 330.)  Rule 3.1320(h) authorizes a section 581, subdivision (f)(2), motion to be made by ex parte application.

The applicable standard of review for the grant of a section 581, subdivision (f)(2), motion is abuse of discretion.  "The decision to dismiss an action under section 581, subdivision (f)(2), rests in the sound discretion of the trial court and a reviewing court will not disturb the ruling unless the trial court has abused its discretion.  [Citation.]  It is appellant's burden to establish an abuse of discretion." (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.)  "Discretion is abused only when in its exercise, the trial court 'exceeds the bounds of reason, all of the circumstances before it being considered.'  [Citation.]  There must be a showing of a clear case of abuse and miscarriage of justice in order to warrant a reversal.  [Citation.]  A trial court will abuse its discretion by action that is arbitrary or 'that transgresses the confines of the applicable principles of law.' "  (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281 (*Shaw*).)

11.

**B.** **Service of the notice of entry of order sustaining YCT's demurrer to the third amended complaint**

Renfro contends he was not served with the notice of entry of order sustaining YCT's demurrer to the third amended complaint because he did not receive it. His argument represents a misunderstanding of the difference between service and receipt. Section 1013, subdivision (c), provides, as relevant here, that service of a notice by Express Mail is complete at the time of deposit. Receipt is not relevant. Even if it were relevant, proof that a letter or envelope was properly mailed " 'creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.' " (*AO Alfa-Bank v. Yakovlev* (2018) 21 Cal.App.5th 189, 212; Evid. Code, § 641 ["A letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail."].) Renfro has not rebutted this presumption. He contended at the hearing—and maintains on appeal—that he never received the order, but his admission that he did not check his mailbox means he has no basis to assert the notice of entry of order did not reach his mailbox. He also does not claim that the notice of order was inaccurately addressed. We uphold the trial court's ruling that the notice of entry of order was validly served.

As an ancillary point, he contends YCT did not serve him with the proposed order for his approval before submitting it to the court for signature. The prevailing party on any motion must, within five days of the ruling, serve a proposed order to the other parties for their approval. (Rule 3.1312(a).) The other party has five days after service to notify the prevailing party as to whether or not they so approve, and failure to notify the prevailing party is deemed an approval. (Rule 3.1312(a).) Upon expiration of the five-day period, the prevailing party must "promptly transmit the proposed order to the court together with a summary of any responses of the other parties or a statement that no responses were received." (Rule 3.1312(b).)

12.

The record demonstrates YCT did not comply with rule 3.1312. There is no evidence YCT submitted the proposed order to Renfro, and YCT did not submit a statement together with its proposed order to the court that no response from Renfro was received. However, Renfro never brought this noncompliance to the trial court's attention and does not argue here that this noncompliance resulted in the order being void or voidable. He argues instead that this noncompliance caused him to have less time to prepare his fourth amended complaint. This argument holds no water, though, because of Renfro's admission that he does not check his mailbox. Moreover, we observe that YCT submitted its proposed order to the court on April 5, which was more than five days after the demurrer hearing. We also observe the proposed order mirrored the court's oral pronouncement of its ruling, and therefore it is completely unlikely Renfro would have objected to it. We conclude YCT's failure to comply with rule 3.1312 did not prejudice Renfro.

### C.     YCT's section 581, subdivision (f)(2), motion

Renfro contends YCT's motion, brought by ex parte application, was not properly noticed and the papers were not timely served.[9] He is correct. Rule 3.1203 provides that "[a] party seeking an ex parte order must notify all parties no later than 10:00 a.m. the court day before the ex parte appearance, absent a showing of exceptional circumstances that justify a shorter time for notice." (Rule 3.1203(a).) Additionally, "[p]arties appearing at [an] ex parte hearing must serve the ex parte application or any written opposition on all other appearing parties at the first reasonable opportunity. Absent exceptional circumstances, no hearing may be conducted unless such service has been made." (Rule 3.1206.)

---

[9] Although Renfro does not expressly say so, we can infer from his briefing that he purports to have not received YCT's application prior to the time of the scheduled hearing.

However, the rules are different if the applicant wishes to appear telephonically at the hearing. "An applicant choosing to appear by telephone at an ex parte [hearing] … must: (A) Place the phrase 'Telephone Appearance' below the title of the application papers; [and] (B) File and serve the papers in such a way that they will be received by the court and all parties by no later than 10:00 a.m. two court days before the ex parte appearance[.]" (Rule 3.670(h)(3).) YCT did not comply with either requirement. "Telephone Appearance" does not appear anywhere in its application, and Renfro was not notified of the application until the evening of May 1, whereas the hearing was scheduled for the morning of May 3.

Moreover, YCT served the application on Renfro by mail on May 1. Although the application does not state when it was mailed to Renfro, it was filed at 7:12 p.m., and we assume it was not deposited in the mail before then. Assuming it was mailed to Renfro after it was filed, the application would not have been collected for delivery until May 2, and likely did not arrive at Renfro's P.O. box before the morning of May 3. The record does not show any attempt by YCT's counsel to serve the application by email or overnight delivery. Thus, not only did YCT not serve the application by 10:00 a.m. two court days before the hearing as required by rule 3.670, but Renfro likely did not receive the papers at all ahead of the hearing. Additionally, Renfro contends the trial court should have continued the hearing on the application, or set an order to show cause hearing, because he informed the court ahead of the hearing of his other hearing in a different county.

Renfro has clearly demonstrated error in that YCT's ex parte application was both noticed and served late. But he has not shown how this error resulted in a miscarriage of justice. (*Shaw, supra,* 170 Cal.App.4th at p. 281.) First, the record demonstrates that while he did not receive adequate notice for a telephonic ex parte hearing, the notice he received would have been adequate for a nontelephonic ex parte hearing. (Rule 3.1203(a).) His receipt of notice is also evidenced by the fact that he called the

14.

clerk's office ahead of the hearing to inform the court he had a scheduling conflict. Moreover, he did not attend his other hearing, and therefore was available to attend the ex parte hearing in this case, even if only telephonically. Thus, the record demonstrates that he did have an opportunity to attend the ex parte hearing but chose not to.

Second, and more importantly, Renfro has not explained what he would have done had he received notice of the hearing and the application two court days before the hearing. He does not state what arguments he would have presented in opposition to the application. Presumably he would have put in writing his argument that he had not been served with notice of entry of the order sustaining YCT's demurrer to the third amended complaint. However, the trial court soundly rejected this argument when he presented it at the hearing on the Applicators' ex parte application. Renfro has not indicated what other grounds for opposition he might have brought had he been given one extra day of notice of the ex parte hearing, and he therefore has not demonstrated prejudice. He also has not explained how the outcome would have been different had counsel appeared at the hearing in person. Our review of the record discloses no likelihood of a different outcome but for the notice and service deficiencies, and we therefore uphold the granting of YCT's section 581, subdivision (f)(2), motion, and in turn affirm the judgment of dismissal for YCT.

### D. The Applicators' section 581, subdivision (f)(2), motion

The Applicators' motion, also brought by ex parte application, presents a similar service defect. The hearing on their application was scheduled for Monday, May 7. Since their counsel appeared telephonically, they were required to give notice of and serve their application by 10 a.m. on Thursday, May 3. While the Applicators' counsel notified Renfro of the application before 10 a.m. on that date, Renfro did not receive the application by that time. Additionally, there is a chance the application did not reach Renfro's P.O. box before the hearing because it was mailed to him by mail at an

15.

unspecified time on May 3. And, like YCT's application, the Applicators' application did not contain the phrase "Telephone Appearance."

Renfro contends this service deficiency amounted to a due process violation. However, Renfro forfeited his objection to this deficiency by appearing at the hearing and arguing the merits of the application without mentioning it to the court. " 'It is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defect or irregularities in the notice of motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective.' " (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697.) This rule applies even when a party objects to notice but also opposes the matter on the merits and does not request a continuance (*id.* at p. 698) or "where the party may have objected but failed to show prejudice resulting from the defective notice." (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 343.) Here, Renfro neither objected to notice or service nor requested a continuance.

His failure to object aside, Renfro has failed to demonstrate prejudice. He asserts the Applicators' failure to timely serve him with the application two court days before the hearing prevented him from preparing a written opposition. However, he does not explain what arguments he would have made in a written opposition that he did not make at the hearing. At the hearing, he articulated his argument regarding service of the notice of order sustaining YCT's third amended complaint, which the court understood and soundly rejected. Renfro does not explain how he would have presented a stronger argument on that point in a written opposition, or what additional arguments he would have made in opposition. He has not demonstrated how there is any likelihood the outcome of the application proceeding would have been different had he timely received service of the application. We therefore conclude there was no miscarriage of justice,

16.

uphold the granting of the Applicators' section 581, subdivision (f)(2), motion, and affirm the judgment of dismissal for the Applicators.

## III.   Remaining claims

### A.   Motion to quash

Renfro claims the trial court erroneously granted the Applicators' motion to quash service of the third amended complaint. However, this issue was mooted when the trial court sustained YCT's demurrer to the third amended complaint and required Renfro to file a fourth amended complaint if he wished to continue litigating his case. Similarly, since we are upholding the granting of the section 581, subdivision (f)(2), motions and affirming the judgments of dismissal, this motion to quash issue cannot possibly affect the outcome of this appeal, and we therefore need not address it. (*Kaiser Foundation Health Plan, Inc. v. Superior Court (Rahm)* (2012) 203 Cal.App.4th 696, 715—716 ["We decline to review an issue that will have no effect on the parties"].)

### B.   Battery cause of action

Renfro also contends the trial court erroneously sustained the demurrer to his battery cause of action without leave to amend. The trial court ruled the claim was barred by the exclusive remedy provisions of the Workers' Compensation Act. (Lab. Code, § 3602.) On appeal, Renfro argues his battery claim is not subject to those exclusivity provisions because of the "dual capacity doctrine." However, Renfro does not define the dual capacity doctrine, does not cite to any authority containing a definition, and does not explain how the doctrine applies in this case.[10] Renfro's unsupported assertion that the doctrine applies here is insufficient, and we reject this claim of error. (*Hernandez v. First*

---

[10] We note the dual capacity doctrine " 'posits that any employer may have or assume a relationship with an employee other than that of employer-employee, and that when an employee seeks damages for injuries arising out of the secondary relationship the employee's claim is not subject to the exclusive remedy provisions of the Workers' Compensation Act.' " (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1054.)

*Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*) [an issue is forfeited if not supported with reasoned argument and citations to authority].)

### C.      Sanctions

In his last point heading in his opening brief, Renfro contends we should reverse the sanctions the trial court imposed on him in connection with a motion for reconsideration. We do not know what he is referring to because his brief does not cite to any specific sanctions order. His discussion of this issue is only one sentence long and reads: "I cannot find the documents in the court reporter transcripts to cite to the record at this time." The issue is forfeited. (*Hernandez, supra,* 37 Cal.App.5th at p. 277.)

### DISPOSITION

The judgments are affirmed. The Applicators' July 14, 2020, request for judicial notice is granted. All other requests for judicial notice are denied as unnecessary to deciding this appeal. The parties shall bear their own costs on appeal.


                                                                                SNAUFFER, J.

WE CONCUR:


FRANSON, Acting P.J.


SMITH, J.

18.